UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE MOORISH MILITIA, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 21-11620-IT |
| | * | |
| THE COMMONWEALTH OF MASSACHUSETTS, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

November 9, 2021

TALWANI, D.J.

On September 21, 2021, "The Moorish Militia" filed a civil rights Complaint [#2] on its own behalf and on behalf of six pretrial detainees confined at the Essex County Correctional Facility or the Middlesex House of Correction. The Complaint [#2] concerns the arrest of these six individuals in Massachusetts on July 3, 2021, the Commonwealth's resultant proceedings against them, and conditions of pretrial confinement.

The Complaint [#2] is not signed except that the words "The Moorish Militia" are printed in a provision attesting to the claims and statements set forth therein. "The Moorish Militia" also filed an Application to Proceed Without Prepaying Fees or Costs [#1], signed "The Moorish Militia," and stating that the signer was incarcerated, and had no income or assets. One of the six pretrial detainees, Plaintiff Conald Soliman Quiesqueyano Bey, has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [#7].

For the reasons set forth below, the Complaint [#1] will be stricken as to each Plaintiff unless it is signed by that Plaintiff. The court also denies without prejudice the Applications to

Proceed without Prepaying the Filing Fee, which may be refiled by each Plaintiff in compliance with this Order.

**I.      Signing of the Complaint**

Under the Federal Rules of Civil Procedure, every complaint must be signed by a licensed attorney or by the party personally if the party is not represented by a licensed attorney. See Fed. R. Civ. P. 11(a). The court must strike an unsigned paper, unless the omission is promptly corrected after being called to the attorney's or party's attention. Id.

Rule 11(b) makes clear that the signature must be that of a "person" who must certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the complaint is not presented for any improper purpose, that the claims are warranted by existing law or by nonfrivolous arguments for extending or modifying that law, and that the factual contentions have or are likely to have evidentiary support. Here, the Complaint [#2] is not signed by any attorney or person.

Although an entity may sue in certain circumstances, see Fed. R. Civ. P. 17(b)(3)(A), a signature is still required under Rule 11. Accordingly, to the extent that The Moorish Militia claims that it is a real party in interest and seeks to sue in its own name, a person must sign on its behalf. Moreover, under Local Rule 83.5.5, that person must be an attorney, as "[a] corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*." L.R. 83.5.5(c) (D. Mass.); see also Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (an artificial entity "may appear in the federal courts only through licensed counsel.").

The six individual Plaintiffs may each represent himself and proceed without an attorney, L.R. 83.5.5(a) but each must individually sign the Complaint [#2] (and each subsequent pleading) if he wishes to proceed as a Plaintiff in this action.

**II.     Filing Fee**

In addition, the filing fee must be resolved before this action may go forward. The statutory fee for filing a non-habeas civil action is $350 and the associated administrative fee is $52. The combined $402 filing fee is due when the complaint is filed. Notwithstanding, a person may seek leave to proceed without prepayment of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (also referred to as a motion for leave to proceed *in forma pauperis*) accompanied by an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The Moorish Militia has filed a motion for leave to proceed *in forma* pauperis. It is well-settled, however, that "only a natural person can qualify for treatment *in forma pauperis* under § 1915." Rowland, 506 U.S. at 196. Thus, an entity—rather than an individual—cannot proceed *in forma pauperis*. Because the Moorish Militia is not an individual, the court must deny its motion for leave to proceed *in forma pauperis*.

The court must also deny Bey's *in forma pauperis* motion, but for a different reason. Where, as here, a plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). When a court allows a prisoner plaintiff to proceed

without prepayment of the filing fee, the administrative fee ($52) is waived. The prisoner can proceed without prepayment of the statutory filing fee ($350), but the prisoner is still required to pay that fee over time. Based on the information in the prison account statement, the court calculates and assesses an initial partial filing fee, which fee must be paid as soon as possible. See 28 U.S.C. § 1915(b)(1); see also 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). After the prisoner plaintiff pays the initial partial filing fee, the plaintiff pays the remainder of the $350 filing fee is over time, regardless of the outcome of the action. See 28 U.S.C. § 1915(b)(2).

As Bey has not submitted a prison account statement, the court must deny his *in forma pauperis* motion.

Any of the individual Plaintiffs who wish to proceed as a party to this action must complete and sign an Application to Proceed in District Court Without Prepaying Costs or Fees accompanied by a certified copy of their prison account statement. The $350 filing fee will be apportioned among the number of plaintiffs proceeding in the action.[1]

### III. Conclusion

In accordance with the foregoing, the court hereby orders:

1. The Moorish Militia's Application to Proceed Without Prepaying Fees or Costs [#1] is DENIED. If the Moorish Militia seeks to proceed in this action, it shall within thirty-five (35) days of the date of this order submit the full $402 filing fee and a copy of the complaint signed by an attorney appearing on its behalf.

---

[1] In other words, if all six plaintiffs sign the complaint and are permitted to proceed without prepayment of the filing fee, each plaintiff would be responsible for paying $58.33. If less than six individual plaintiffs proceed as parties, the filing fee would be reapportioned accordingly.

2.	Bey's Application to Proceed in District Court Without Prepaying Fees or Costs [#7] is DENIED without prejudice.

3.	Any individual Plaintiff who wishes to remain a party to this action, must, within thirty-five (35) days of the date of this order (a) sign the complaint and submit it to the court; and (b) submit a completed Application to Proceed in District Court Without Prepaying Fees or Costs with the required six-month prison account statement.

4.	The failure of any Plaintiff to comply with this order may result in striking of the Complaint [#2] as to that Plaintiff.

5.	The Clerk shall mail to each individual Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs and a copy of the Complaint [#2] for his signature.


IT IS SO ORDERED.

       /s/ Indira Talwani
       United States District Judge

November 9, 2021