UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE MOORISH MILITIA, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action 21-cv-11620-IT |
| THE COMMONWEALTH OF MASSACHUSETTS, et al., | * | |
| Defendants. | * | |

***************************************

| | | |
|---|---|---|
| ABAN EL CURRAGH, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action 21-cv-11668-IT |
| THE COMMONWEALTH OF MASSACHUSETTS, et al., | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

March 4, 2022

TALWANI, D.J.

On July 3, 2021, Aban El Curragh ("El Curragh"), Tarrif Sharif Bey ("Sharif Bey"), Jamil Rasul Bey ("Rasul Bey"), Conald Soliman Quiesqueyano Bey ("Quiesqueyano Bey"), Lucha El Por Libertad ("Libertad"), and Jamhal Talib Abdullah Bey ("Abdullay Bey")[1] were

---

[1] According to the complaint filed in each action, these individuals, with the exception of El Curragh, are "misidentified" in state criminal proceedings as follows: Sharif Bey is being prosecuted as Aaron Johnson; Rasul Bey is being prosecuted as Lamar Dow; Quiesqueyano Bey is being prosecuted as Conald Pierre; Libertad is being prosecuted as Steven Perez; and Abdullah

arrested by Massachusetts State Troopers and were subsequently charged with various crimes arising from the arrests, including charges for the wrongful possession of firearms and ammunition. El Curragh filed the above-captioned lawsuits on his own behalf and purportedly on behalf of the others asserting among other things that their pretrial confinement and the criminal proceedings against them are unlawful.[2] For the reasons stated below, the court will dismiss the actions based on Younger abstention. Any claims unrelated to the challenge to pretrial confinement and criminal proceedings are dismissed without prejudice and the individual Plaintiffs are advised as to the applicable filing fees and screening procedures.

I.   Background

   A.   Parties to the Actions

In both actions, El Curragh, Sharif Bey, Rasul Bey, Quiesqueyano Bey, Libertad, and Abdullah Bey are identified as Plaintiffs.[3]

The following individuals and organizations are named as defendants: the "Medford State Police"; Massachusetts State Troopers; state district court judges; state district court clerks; a state district court assistant magistrate clerk; the Middlesex District Attorney; a Middlesex

---

Bey is being prosecuted as Jahmal Latimer. See Civil Action 21-cv-11620 [Doc. No. 2 at 21]; Civil Action 21-cv-11668 [Doc. No. 2 at 12].

[2] The pleadings in both cases were submitted on a form entitled "Third-Party Complaint." Because the pleadings are not third-party complaints, the court will refer to them simply as complaints.

[3] The "Moorish Militia" is also listed as a Plaintiff in Civil Action 21-cv-11620. On the court's order explaining that the Moorish Militia could only proceed through counsel and with payment of the full filing fee, see Order [Doc. No. 10], El Curragh stated that the "Moorish Militia" is "not a Corporation and includes several co-plaintiffs and [him]self" [Doc. No. 15-1].Thus, because the "Moorish Militia" is not an entity, but rather a shorthand way of referring to the individual Plaintiffs collectively, it is not actually a party.

Assistant District Attorney; the Commonwealth of Massachusetts; and news media outlets. In Civil Action 21-cv-11668, four employees of the Essex County Sheriff's Department are also named as defendants.

### B. Procedural History

In both actions, the court has issued orders explaining that in order to proceed each Plaintiff must individually sign the complaint and file his own application to proceed *in forma pauperis*, accompanied by a prison account statement. Order [Doc. No. 10], Civil Action 21-cv-11620; Order [Doc. No. 8], Civil Action 21-cv-11668. The Plaintiffs have made various efforts to comply with the court's orders, but have not yet fully complied. [Doc. Nos. 12-16, 18] in Civil Action 21-cv-11620; [Doc. Nos. 11-19, 22] in Civil Action 21-cv-11668. Plaintiffs are also seeking additional time to send the required documents. Request [Doc. 17], Civil Action 21-cv-11620; Letter [Doc. 21], Civil Action 21-cv-11668.

Summonses have not issued pending the court's preliminary review of the complaints and approval of completed applications for leave to proceed *in forma pauperis*.

### C. Allegations

In both complaints, Plaintiffs claim that the pending state court criminal proceedings against them are unlawful for a variety of reasons. They also claim that the conditions of confinement at Essex County Correctional Center are unlawful. The Plaintiffs assert that they are being held unlawfully, and the only relief they appear to seek is to be released and to have the charges against them dropped. In addition, in Civil Action 21-cv-11620, Plaintiffs allege that their arrest on July 3, 2021, was unlawful and that news outlets have made defamatory statements about Moorish American Nationals.

**II.   Discussion**

    **A.   Court's Authority to Review the Complaints**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or its employees are subject to a preliminary screening. This statute authorizes a federal court to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

In addition, the court has a duty to examine *sua sponte* its jurisdiction over the matters presented in the pleadings. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). This inquiry may include consideration of the propriety of abstaining from exercising jurisdiction. See Guillemard-Ginoria v. Contreras-Gomez 585 F.3d 508, 517-18 (1st Cir. 2009); Ford v. Motor Co. v. Meredith Motor Co., Inc., 257 F.3d 67, 71 n.3 (1st Cir. 2001).

    **B.   Younger Abstention**

A federal court's abstention from exercising its jurisdiction over claims that would unduly interfere with certain state court proceeding "is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court reaffirmed "the fundamental policy against federal interference with state criminal prosecutions" Id. at 46. The

Court stated that, "[w]hen a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States." Id. at 44. Thus, under Younger abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added); see also Younger, 401 U.S. at 46 (stating that, while a showing of "irreparable injury" may permit federal interference in a state criminal proceeding, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [are] not by themselves . . . considered 'irreparable' in the special legal sense of that term").

Here, the court would "needlessly inject" itself in pending state proceedings if it were to consider Plaintiffs' objections to the legality of their detention and criminal prosecutions against them. The court has no reason to believe that Plaintiffs will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal. That Plaintiffs may be dissatisfied with the rulings of the state court does not alter the propriety of this court applying the doctrine of Younger abstention.

### C. Other Claims

Because the only relief requested by Plaintiffs is release and dismissal of the criminal charges against them, it is unclear whether they are trying to bring any other separate claims, such as ones for defamation or unlawful conditions of confinement. Should any Plaintiff wish to pursue a claim in this court that does not challenge the fact of his confinement or the legality of any aspect of the state court criminal proceedings against them, he is free to do so. The court takes no position whether Plaintiffs should pursue any such claim.

The court advises Plaintiffs that the fee for filing a civil action is $402, which consists of a $350 statutory fee and a $52 administrative fee. If a prisoner litigant cannot pay the $402 filing fee at the commencement of the action, he may seek leave to proceed *in forma pauperis* by completing and filing an Application to Proceed in District Court without Prepaying Fees or Costs and a six-month prison account statement. If a prisoner litigant is allowed to proceed *in forma pauperis*, the $52 administrative fee is waived, and the litigant may prosecute his claim without prepayment of the $350 filing fee. Notwithstanding, the prisoner litigant is still required to pay the $350 filing fee over time until it is paid in full, notwithstanding the outcome of his case. *See* 28 U.S.C. § 1915(b). Thus, a prisoner plaintiff should not pursue a non-habeas civil action (for which there is a $5 filing fee) unless he is willing to pay the $402 statutory and administrative filing fees up front or the $350 statutory filing fee over time.

Further, a civil complaint is subject to a preliminary screening when (1) a plaintiff is allowed to proceed *in forma pauperis*; and/or (2) the plaintiff is a prisoner who seeks prisoner complaints in civil actions that seek redress from a governmental entity or its employees. See § 1915(e)(2); 28 U.S.C. § 1915A(b). Said complaints claims may be subject to *sua sponte* dismissal if the claims therein are frivolous, malicious, fail to state a claim on which relief may

be granted, or seek monetary relief against a defendant who is immune from such relief. See id. Even where a complaint is dismissed upon an initial screening, a prisoner plaintiff proceeding *in forma pauperis* must pay the $350 statutory filing fee over time.

Finally, the court notifies Plaintiffs of the so-called "three strikes" rule applicable to prisoners who seek leave to proceed without prepayment of the filing fee:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [allowing litigants to proceed without prepayment of the filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### III.   Conclusion

In accordance with the foregoing, the court hereby orders that these actions be dismissed based on Younger abstention. No filing fees are assessed.

To the extent Plaintiffs are trying to bring claims separate from those challenging the fact of their confinement and the legality of any aspect of the state court criminal proceedings against them, said claims are dismissed without prejudice.

IT IS SO ORDERED.

       /s/ Indira Talwani
       United States District Judge

March 4, 2022